**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN PASCHAL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WOUND HEALING TECHNOLOGIES CORP.,<br><br>Defendant. | **Index No.**<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Paschal, by his attorneys Hach Rose Schirripa & Rehns LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1. Plaintiff John Paschal ("Plaintiff" or "Paschal") brings this Class/collective action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in addition to rules and regulations promulgated thereunder, to recover unpaid overtime wages and liquidated damages owed to Plaintiff and other similarly situated persons.

## JURISDICTION & VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendant conducts business in this

District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

4. Defendant Wound Healing Technologies Corp. ("Wound Healing") is a New York corporation that, at all relevant times, operated a business delivering a device for healing wounds to nursing homes. The device is a pump used for the drainage and removal of wound exudates, infectious material, and tissue debris. Defendant has a principal executive office at 3611 14th Ave, Ste 225, Brooklyn, NY 11218.

5. At all relevant times, Defendant Wound Healing's annual gross volume of sales has exceeded $500,000.

6. Defendant Wound Healing has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

7. At all relevant times, Defendant Wound Healing was an "employer" of Plaintiff within the meaning of the FLSA and the NYLL.

8. Plaintiff was employed by Defendant as a delivery driver from around January 2022 to June 23, 2026.

**FACTS**

9. Plaintiff's Consent to Sue form is attached hereto in Exhibit A.

10. Defendant committed the following alleged acts knowingly, intentionally and willfully.

11. Defendant knew that nonpayment of overtime would economically injure Plaintiff, FLSA Collective members, and violated federal and state laws.

12. Plaintiff's job duties generally included delivering a wound healing device to nursing homes in and around New York.

13. Plaintiff made deliveries with his personal vehicle, a 2023 Hyundai Santa Fe. The gross vehicle weight rating of a 2023 Hyundai Santa Fe is less than 10,000 lbs. and it seats fewer than 8 passengers. Further, on information and belief, the vehicle and its contents, at all relevant times, was less than 10,000 lbs.

14. Plaintiff picked up wound healing devices from Defendant's warehouse at 170 53rd St, Ste 228, Brooklyn, NY 11232.

15. During his employment, Plaintiff generally worked from about 9:00 a.m. to 7:30 p.m., Monday to Friday, for a total of about 52.5 hours per week. Plaintiff generally did not receive breaks.

16. Plaintiff sometimes worked as late as 11 p.m. or midnight.

17. Plaintiff was paid about $16 per hour when he started, $17.50 per hour in 2025, and $18.03 per hour in 2026.

18. Plaintiff was paid on a bi-weekly basis and received W-2 forms.

19. Defendant failed to pay Plaintiff proper overtime compensation, only paying Plaintiff "straight time" at the regular rate, when Defendant paid for overtime hours.

20. On information and belief, Defendant failed to pay Plaintiff for all hours worked.

21. Defendant failed to pay Plaintiff and the Class Members an extra hour of pay at the basic minimum hourly wage rate when Plaintiff's spread of hours – or the interval between the beginning and end of Plaintiff's workday – exceeded 10 hours.

22. Moreover, Defendant did not provide Plaintiff with a wage notice pursuant to NYLL § 195(1).

23. Defendant failed to provide wage statements to Plaintiff that complied with NYLL § 195(3). The wage statements did not state Plaintiff's proper overtime rate or the correct amount of pay Plaintiff was entitled to.

24. Had Plaintiff been given the legally required information in his wage notice and statements under NYLL §§ 195(1) and (3), Plaintiff would have been in a better position to advocate for his rights. Thus, Defendant's failure to provide Plaintiff with lawful wage statements caused Plaintiff to be underpaid.

25. Because a compliant wage notice and compliant wage statements were not provided, Plaintiff could not effectively determine his pay, and that lack of information concealed the extent of underpayment and delayed Plaintiff's ability to challenge it.

26. Defendant knowingly committed the foregoing acts against the Plaintiff, FLSA Collective members, and Class members (as defined *infra*).

## FLSA COLLECTIVE ACTION ALLEGATIONS

### I. The FLSA Collective

27. Plaintiff brings the federal claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt delivery drivers employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective members").

28. At all relevant times, Plaintiff and the other FLSA Collective members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime wages. The claims of Plaintiff stated herein are essentially the same as those of

the other FLSA Collective members.

29. The federal claims are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

### I. The Rule 23 Class

30. Plaintiff brings the state law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt delivery drivers employed by Defendant on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Rule 23 Class Period").

31. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

32. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

33. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime, spread of hours, and of failing to provide adequate wage notices and statements. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

34. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and the Class members for their work.

c) Whether Defendant paid Plaintiff and the Class members the correct overtime rate

for all hours worked.

d) Whether Defendant paid Plaintiff and the Class members for all their hours worked.

e) Whether Defendant paid Plaintiff and the Class members an extra hour of pay at the basic minimum hourly wage rate when Plaintiff's and Class members' spread of hours exceeded 10 hours.

f) Whether Defendant provided Plaintiff and the Class members with adequate wage notices and wage statements.

g) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the type and amount of labor Plaintiff and the Class members were required to perform.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
**Made by Plaintiff on Behalf of All FLSA Collective Members Against Defendant**
**(Overtime Violations)**

38. Plaintiff, on behalf of himself and the other FLSA Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

39. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," and primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on its premises within the meaning of 29 U.S.C. § 203.

40. Defendant willfully failed to pay Plaintiff and the FLSA Collective members all overtime compensation they were due.

41. Plaintiff, on behalf of himself and the FLSA Collective members, seeks damages in the amount of his and the FLSA Collective members' respective unpaid overtime wages,

liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violations of the NYLL, Section 195(1)**
**Made By Plaintiff on Behalf of Himself and the Class Against Defendant**
**(Failure to Provide Wage Notices)**

42. Plaintiff, on behalf of himself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

43. Defendant willfully failed to furnish Plaintiff and Class members with a wage notice during the relevant time period of his employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, which were to contain, among other things, Plaintiff and the Class members' rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's and Class members' regular hourly rates of pay and overtime rates of pay.

44. Through their knowing and intentional failure to provide Plaintiff and the Class members with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

45. Defendant's failure to provide the wage notice required by the NYLL hindered Plaintiff and Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

46. Due to Defendant's willful violations of the NYLL, Plaintiff and Class members are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## AS AND FOR A THIRD CAUSE OF ACTION
**Violations of the NYLL, Section 195(3)**
**Made By Plaintiff on Behalf of Himself and the Class Against Defendant**
**(Failure to Provide Wage Statements)**

47. Plaintiff, on behalf of himself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

48. Defendant willfully failed to provide Plaintiff and the Class members proper written wage statements with their wages each pay period as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; gross wages; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

49. Through their knowing and intentional failure to provide Plaintiff and Class members with accurate wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

50. Defendant's failure to provide the wage statements required by the NYLL hindered Plaintiff and Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

51. Due to Defendant's willful violations of the NYLL, Plaintiff and Class members

are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Violations of the NYLL, 12 NYCRR § 142-2.2**
**Made By Plaintiff on Behalf of Himself and the Class Against Defendant**
**(Overtime Violations)**

52. Plaintiff, on behalf of himself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

53. Defendant failed to pay Plaintiff and the Class Members the required overtime rate for all overtime hours worked.

54. As a result of Defendant's unlawful conduct, Plaintiff and the Class members are entitled to recover their unpaid overtime compensation, liquidated damages, pre- and postjudgment interest, and attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Violations of the NYLL, 12 NYCRR § 142-2.4**
**Made By Plaintiff on Behalf of Himself and the Class Against Defendant**
**(Spread of Hours Violations)**

55. Plaintiff, on behalf of himself and the Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

56. Defendant failed to pay Plaintiff and the Class Members an extra hour of pay at the basic minimum hourly wage rate when Plaintiff's and Class members' spread of hours – or the interval between the beginning and end of Plaintiff's workday – exceeded 10 hours.

57. As a result of Defendants' unlawful conduct, Plaintiff and the Class members are entitled to recover their unpaid spread of hours compensation, liquidated damages, pre- and

postjudgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective members and Class members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective members;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiff as Representative of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
August 14, 2026

Respectfully submitted,

**HACH ROSE SCHIRRIPA & REHNS LLP**

By: */s/ Finn Dusenbery*
Finn W. Dusenbery
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

*Attorneys for Named Plaintiff, proposed FLSA Collective members, and proposed Class members*